UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWINA MAXWELL,

    Plaintiff,

v.                                          Case No.: 8:23-cv-457-JSM-UAM

CLIMATE FIRST BANK and
KENNETH LaROE,

    Defendants.
_____/

## ORDER

Plaintiff Edwina Maxwell moves to quash Defendants' Climate First Bank (First Bank) and Kenneth LaRoe (collectively, the defendants) non-party subpoena directed to Ms. Maxwell's current employer, Accurate Employer Solutions (Accurate). (Doc. 20). The defendants oppose the motion. (Doc. 21).

In this employment discrimination action, Ms. Maxwell alleges her prior employer, First Bank, engaged in discrimination and retaliation against her that resulted in her termination. (Doc. 17). The defendants notified Ms. Maxwell of their intent to serve a subpoena to produce documents to Accurate. The non-party subpoena to Accurate requests:

> Any and all Documents in Your possession related to EDWINA MAXWELL, including, but not limited to, her employee file, personnel file, supervisor(s)'s file, wage file, resume, application for employment, background investigations, correspondence, notes, calendars, diaries, journals, forms, letters of

1

> recommendation, referrals, memoranda, letters or notes regarding performance evaluations, reprimands, warnings, criticisms, disciplinary records and tape recordings, changes in the status of employment, attendance records, and other documents generated by or for Edwina Maxwell.

(Doc. 20-1, p. 7).

Ms. Maxwell argues the non-party subpoena is overbroad and requests irrelevant information, and the defendants can obtain some of the information by other means. (Doc. 20). In response, the defendants contend Ms. Maxwell's current employment records are relevant to her mitigation of damages, her claim for lost wages, and weigh against her claim she has suffered "professional" damages. (Doc. 21).

The scope of discovery is governed by Federal Rule of Civil Procedure 26, which allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Under Rule 45, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

The subpoena at issue is facially overbroad and encompass potentially

irrelevant information. *See, e.g.*, *Alvarez v. Lakeland Area Mass Transit Dist.*, No. 8:19-CV-1044-T-33SPF, 2020 WL 13119058, at *1 (M.D. Fla. Feb. 24, 2020) (granting protective order regarding subpoenas to the plaintiff's past employers requesting the plaintiffs' "complete personnel file in the employer's care, possession, or control; any and all work evaluation reports or other data critiquing Plaintiff's performance while in the employer's employ; performance reviews; work evaluations; disciplinary reports; commendations; grievances; and grievance/disciplinary hearing records," finding the subpoenas overbroad and not proportional to the needs of the case); *Paxton v. Landesk Software, Inc.*, 332 F.R.D. 368, 369 (M.D. Fla. 2019) (quashing subpoenas to five of the plaintiff's prior and current employers, finding that the defendant failed to show how wholesale production of "[a]ll documents related to [the plaintiff's] employment" was relevant or proportional to the needs of the case); *Premer v. Corestaff Servs., L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005) (quashing subpoenas served on the plaintiff's six former employers requesting the plaintiff's "entire personnel and benefit files, records relating to her hiring, termination, performance, any disciplinary action received by her in the course of her employment, compensation, and benefits" as overbroad).

In addition, the defendants fail to adequately explain why they cannot obtain the relevant information requested in the non-party subpoena directly

3

from Ms. Maxwell. *See Paxton*, 332 F.R.D. at 369 ("Nor has Defendant sufficiently explained why certain information, such as Plaintiff's current compensation, cannot be obtained directly from Plaintiff."); *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020, at *5 (M.D. Fla. June 6, 2006) ("Defendant should attempt to obtain as much of the evidence as possible directly from Plaintiff.").[1]

Accordingly, Ms. Maxwell's Motion to Quash Defendants' Non-Party Subpoena Directed to Accurate (Doc. 20) is **GRANTED**.[2]

**ORDERED** in Tampa, Florida on September 19, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] The defendants are not precluded from issuing revised subpoenas that are properly limited in scope after attempting to obtain the relevant information from Ms. Maxwell. *See Maxwell*, 2006 WL 1627020, at *5; *Baptiste v. Centers, Inc.*, No. 5:13-CV-71-OC-22PRL, 2013 WL 3196758, at *1 (M.D. Fla. June 21, 2013); *United States Equal Emp. Opportunity Comm'n v. Choate Constr. Co., Inc.*, No. 3:08-CV-910-J-34MCR, 2009 WL 10673093, at *4 (M.D. Fla. Feb. 23, 2009).

[2] The court recognizes Ms. Maxwell filed this motion before engaging in a meaningful "meet and confer" with opposing counsel, as required under Local Rule 3.01(g), M.D. Fla. Ms. Maxwell is warned that future violations of the Local Rules may result in the denial of her motion. *See Laning v. Orange Lake Country Club Inc.*, No: 6:14-cv-128-Orl-41GJK, 2015 WL 13790818, at *3 (M.D. Fla. Aug. 21, 2015) (denying motion to quash subpoena where movant "failed to comply with Local Rule 3.01(g) prior to and after filing the Motion").